UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JO ANN FEIKES,

    Plaintiff,

v.

CARDIOVASCULAR SURGERY
ASSOCIATES PROFIT SHARING PLAN,
TRUST, et al.,

    Defendants.

2:04-cv-1724-LDG-GWF

**ORDER**

      This case involves a dispute whether defendants improperly handled and distributed plaintiff's share of a profit sharing plan, and whether yearly distributions to plaintiff should have been timed to reflect plan earnings and losses during such years. Plaintiff and defendants have filed cross-motions for summary judgment and numerous supplemental briefs. The parties extensively argue the appropriate standard of review of the actions of the plan. Plaintiff argues that, among other things, the absence of an administrative record warrants de novo review. Defendants, however, "[disagree] with Plaintiff and [assert] that there is in fact an administrative record applicable to this case." Defs.' Reply Showing That De Novo Review is Not Appropriate Under the Circumstances of This Case 13 n.11, July 29, 2009, ECF. No. 103. The court has unsuccessfully searched the voluminous filings for documents designated as the administrative record.

      The administrative record is necessary to determine the standard of review applicable to a plan's actions. *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) ("The district court may, in its discretion, consider evidence outside the administrative record to

decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise."). The administrative record is also central to a court's analysis of an administrator's actions under either standard of review. *See id.* ("[A] district court may review only the administrative record when considering whether the plan administrator abused its discretion . . . ."); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999) ("If a court reviews the administrator's decision, whether de novo as here, or for abuse of discretion, the record that was before the administrator furnishes the primary basis for review."). Thus, an administrative record composed of "the evidence that was before the plan administrator at the time of determination" is essential to this court's analysis of the case. *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007). The Defendants shall, therefore, clarify the scope of such "determination" and identify the corresponding administrative record. Accordingly,

THE COURT HEREBY ORDERS Defendants to identify the administrative record applicable to this case within fifteen (15) days of this Order. Defendants may either direct the court to a previously filed copy of the administrative record or refile the administrative record as necessary.

DATED this 20 day of October, 2010.

_____
Lloyd D. George
United States District Judge

2